UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES of the NEW YORK HOTEL TRADES COUNCIL AND HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND,<br><br>Plaintiffs,<br><br>- against -<br><br>RHC OPERATING, LLC, ROOSEVELT HOTEL CORPORATION, N.V., PIA INVESTMENTS LIMITED; PAKISTAN INTERNATIONAL AIRLINES CORPORATION LIMITED,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiffs, Trustees of the New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund ("Pension Fund" or "Plan"), by their attorneys, Pitta LLP, as and for their Complaint, respectfully allege as follows:

### INTRODUCTION

1.      This is an action to compel an employer to pay withdrawal liability to the Pension Fund pursuant to sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

### JURISDICTION

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, sections 502(a), (e), (f) and (g) and sections 4301(a), (b), and (c) of ERISA, 29 U.S.C. §§ 1132 (a), (e), (f) and (g) and §§ 1451(a), (b), and (c).

3.      Venue properly lies in this district under section 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Pension Fund is administered in this district.

{00691563-3}

## PARTIES

4.    Plaintiff Trustees are the trustees of the Pension Fund, a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to collective bargaining agreements in accordance with section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). Plaintiff Trustees have discretion and control over the assets and administration of the Pension Fund and are fiduciaries within the meaning of sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21), bringing this action in their fiduciary capacity.

5.    The Pension Fund is an employee pension benefit plan within the meaning of sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(2), (3) and 1132(d)(1), and a multi-employer plan within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Pension Fund maintains its offices and is administered at 305 West 44th Street, New York, NY 10036.

6.    Defendant RHC Operating, LLC ("RHC"), at all relevant times, was a for-profit limited liability company, having its principal place of business at The Roosevelt Hotel, 45th Street and Madison Avenue, New York, NY 10017.

7.    At all relevant times, RHC has been an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

8.    At all relevant times, Defendant Roosevelt Hotel Corporation, N.V. ("RHCNV"), a Netherlands Antilles company has been the sole owner of RHC. RHCNV maintains offices c/o Dr. Najeeb Samie, 45 East 45th Street, Ste. 1900, New York, N.Y. 10017.

9.    Upon information and belief, at all relevant times, Defendant PIA Investments Limited ("PIA"), a company formed under the laws of Sharjah, United Arab Emirates and registered under British Virgin Islands laws, has been the sole owner of Defendant RHCNV.

2

Upon information and belief, PIA maintains offices c/o Dr. Najeeb Samie, 45 East 45th Street, Ste. 1900, New York, N.Y. 10017 and/or 505 Eighth Avenue, 6th floor, New York, N.Y. 10018 and/or Mumtaz Alvi, Esq. 52 St. John's Place, Chappaqua, N.Y. 10514.

10. Upon information and belief, at all relevant times, PIA is a wholly owned subsidiary of Pakistan International Airlines Corporation Limited ("Pakistan Airlines"). Upon information and belief Pakistan Airlines maintains offices c/o Dr. Najeeb Samie, 45 East 45th Street, Ste. 1900, New York, N.Y. 10017 and/or 505 Eighth Avenue, 6th floor, New York, N.Y. 10018 and/or Mumtaz Alvi, Esq. 52 St. John's Place, Chappaqua, N.Y. 10514.

11. At all relevant times, RHC, RHCNV, PIA and Pakistan Airlines were trades or businesses under common control, within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(B)(1), and applicable regulations published at 26 C.F.R. §§ 1.414(c)-1 through 1.414(c)-5, in that, without limitation, the same individuals and/or entities, were the sole shareholders of all defendants and owned a controlling interest in and were in effective control of all defendants.

### AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST RHC

12. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. RHC was bound by collective bargaining agreements ("CBAs") with the New York Hotel and Motel Trades Council, AFL-CIO ("Union"), pursuant to which RHC was required to make contributions to the Pension Fund in accordance with the terms of the CBAs and the trust agreement governing the Fund.

14. In or about December 2020, RHC permanently ceased covered operations under the Plan, thereby completely withdrawing from the Plan within the meaning of section 4203(a) of ERISA, 29 U.S.C. 1383(a).

{00691563-3}

15.     As a result of its complete withdrawal from the Pension Fund, RHC became liable to the Pension Fund for withdrawal liability in the amount of $24,560,679.

16.     By letter dated January 25, 2021 (the "Demand Letter"), the Pension Fund notified RHC by certified mail, return receipt requested, of the amount of its withdrawal liability and of the schedule for payment, and demanded payment in accordance with the schedule, as required by sections 4202 and 4219 of ERISA, 29 U.S.C. §§ 1382 and 1399. A copy of the Demand letter is annexed hereto as Exhibit A and made a part hereof.

17.     As explained in the Demand Letter, the payment schedule provided for a single payment of the full amount of RHC's withdrawal liability or forty five (45) quarterly installment payments of $754,147.25, with a final payment of $540,578.01. In accordance with section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), the payments were to commence no later than 60 days after the date of the Demand Letter, *i.e.,* no later than March, 2021, and continue quarterly.

18.     By letter dated July 27, 2021 (the "Default Letter"), the Pension Fund by counsel notified RHC that it had failed to make any payment to the Pension Fund as required by the Demand Letter and that, if such failure was not cured within 60 days, RHC would be deemed in default of its withdrawal liability as provided in section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). A copy of the Fund Default Letter is annexed hereto as Exhibit B and made a part hereof.

19.     More than 60 days have elapsed since RHC received the Default Letter. RHC has failed and/or refused to make any withdrawal liability payments to the Pension Fund since then and to date.

20.     By letter dated November 3, 2021 (the "Acceleration Letter"), the Pension Fund by counsel notified RHC that it was in default and demanded immediate payment of the entire

4

{00691563-3}

amount of RHC's withdrawal liability of $24,560,679, plus accrued interest. A copy of the Acceleration Letter is attached hereto as Exhibit C and made a part hereof.

21. RHC's failure to make payment of the withdrawal liability constitutes a default within the meaning of section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and the Pension Fund is entitled to immediate payment of RHC's withdrawal liability, plus accrued interest.

22. Accordingly, pursuant to sections 502(g)(2), 4219(c)(6) and 4301(b) and (e) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1399(c)(6) and 1451(b), RHC is liable to the Pension Fund for withdrawal liability in the amount of $24,560,679, plus interest, liquidated damages, and reasonable attorney's fees and costs incurred by the Pension Fund.

### AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST RHCNV

23. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. RHCNV is a trade or business under common control with RHC and, pursuant to section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), RHCNV. constitutes a single employer with RHC for purposes of withdrawal liability.

25. Based upon the foregoing, RHCNV is jointly and severally liable with RHC to the Pension Fund in the amount of $24,560,679, plus interest, liquidated damages, and reasonable attorney's fees and costs incurred by the Pension Fund.

### AS AND FOR THIRD CLAIM FOR RELIEF AGAINST PIA

26. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. PIA is a trade or business under common control with RHCNV and RHC and, pursuant to section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), PIA constitutes a single employer with RHCNV and RHC for purposes of withdrawal liability.

28. Based upon the foregoing, PIA is jointly and severally liable with RHCNV and RHC to the Pension Fund in the amount of $24,560,679, plus interest, liquidated damages, and reasonable attorney's fees and costs incurred by the Pension Fund.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST PAKISTAN AIRLINES

29. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Pakistan Airlines is a trade or business under common control with PIA, RHCNV and RHC and, pursuant to section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Pakistan Airlines constitutes a single employer with RHC, RHCNV and PIA for purposes of withdrawal liability.

31. Based upon the foregoing, Pakistan Airlines is jointly and severally liable with RHC, RHCNV and PIA to the Pension Fund in the amount of $24,560,679, plus interest, liquidated damages, and reasonable attorney's fees and costs incurred by the Pension Fund.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Trustees demand judgment against RHC, RHCNV, PIA, and Pakistan Airlines jointly and severally, for:

(a) withdrawal liability in the amount of $24,560,679;

(b) interest on the amount of withdrawal liability due, pursuant to sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA;

(c) liquidated damages on the amount of withdrawal liability due, pursuant to sections 502(g)(2)(C) and 4301(b) of ERISA;

(d) reasonable attorney's fees and costs, pursuant to sections 502(g)(2)(D) and 4301(b) of ERISA, and

(e) such other and further relief as the Court deems just and proper.

Dated: November 17, 2021
   New York, New York

> PITTA LLP
> *Attorneys for Plaintiffs*
>
> /s/ *Barry N. Saltzman*
> Barry N. Saltzman
> bsaltzman@pittalaw.com
> Andrew D. Midgen
> amidgen@pittalaw.com
> 120 Broadway, 28th Floor
> New York, New York  10271
> (212) 652-3890 (Tel.)
> (212) 652-3891 (Fax)

{00691563-3}