**VENABLE** LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS, 24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

July 22, 2022

*[Signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

T 212.808.5676
F 212.307.5598
MJVolpe@Venable.com

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
500 Pearl Street
New York, NY 10007

By August 3, 2022, Defendants shall file any documents that may be considered at the motion to dismiss stage, including the 2012 version of the collective bargaining agreement and the 2015 MOU, and a letter explaining the basis for their incorporation.  So Ordered.

Re:  *Trustees of the New York Hotel Trades Council and Hotel Association of New York City, Inc., Pension Fund v. RHC Operating, LLC et al*, No. 21-cv-09538

Dated: July 28, 2022
New York, New York

Dear Judge Schofield:

This firm represents Defendants RHC Operating, LLC ("RHC") and Roosevelt Hotel Corporation, N.V. ("RHCNV," collectively "RHC Defendants"[1]). During the parties' July 13, 2022 conference, Your Honor directed the RHC Defendants to submit this letter regarding its interim request that discovery be stayed pending a decision on their forthcoming motion to dismiss.

Discovery should be entirely stayed in this case for that limited period because the threshold legal determination—of whether Plaintiffs plausibly allege that the RHC Defendants[2] are "employers" under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381-1461 ("MPPAA")—may entirely dispose of this case thereby obviating any and all costly and burdensome discovery. *Rivera v. Heyman,* No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates *the entire action* will neither substantially nor unduly delay the action, should it continue." (emphasis added)); *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (noting the "substantial arguments for dismissal of many, if not all, of the claims asserted" justified a stay rather than proceeding with discovery that "would unnecessarily drain the parties' resources"); *Boelter v. Hearst Commc'ns, Inc.*, No. 15 CIV. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) ("because succeeding on each argument alone may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant").

As explained by the RHC Defendants in their pre-motion letters at ECFs 30 & 52, withdrawal liability can be assessed only against "employers," and the Second Circuit has specifically held that the term employer means "a person who is obligated to contribute to a plan either as a direct employer or in the interest of an employer of the plan's participants." *Div. 1181*

---

[1]   This collective definition of the "RHC Defendants" is intended only for ease of reference and does not concede anything as to the relationship between these entities.

[2]   In Plaintiffs' opposition letter at ECF 55 to the RHC Defendants' pre-motion letter at ECF 52, Plaintiffs assert for the first time that "RHCNV's liability is primary in the first instance, not secondary."  [ECF 55 at pp.1, 3.] However, the Amended Complaint alleges that "RHC has been an employer within the meaning of" ERISA [ECF 47 at ¶ 7] and only asserts a claim against RHCNV for joint and several liability with RHC under the "commercial trade or business under common control" theory, identical to the claims brought against defendants PIA Investments Limited and Pakistan International Airlines Corporation Limited. [ECF 47 at ¶¶ 50-61.] Notwithstanding, to the extent the Amended Complaint is read to allege that RHCNV is an "employer", discovery should nonetheless be stayed for the same reasons discussed herein.



July 22, 2022
Page 2

*A.T.U.-N.Y. Emps. Pension Fund By Cordiello v. New York Dep't of Educ.* ("*Div. 1181—Second Circuit*"), 910 F.3d 608, 614 (2d Cir. 2018). An "obligation to contribute" may arise "(1) under one or more collective bargaining (or related) agreements, or (2) as a result of a duty under applicable labor-management relations law." *Id.*; 29 U.S.C. § 1392(a). In this case, the Plaintiffs have only attempted to satisfy the first option, relying on the applicable collective bargaining agreement, known as the Industry-Wide Agreement ("IWA"). [ECF 47 at ¶¶ 13-15.] Whether RHC is obligated under the unambiguous plain language of the IWA to contribute to the Fund, which it is not, is purely a legal decision for this Court as to which Plaintiffs have no need for discovery. *Boelter,* 2016 WL 361554, at *5 (staying discovery where "[e]ach of Defendant's proffered grounds for dismissing the action pose strictly legal questions, and Plaintiff has not demonstrated that discovery is necessary to rebut Defendant's arguments").

Although "a motion to dismiss does not automatically stay discovery, a court has considerable discretion, to determine that a pending motion to dismiss constitutes good cause for a[n] [] order staying discovery. Courts should look to the particular circumstances and posture of each case and consider (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 0293 (LTS)(JCF), 2016 WL 3906712, at *5 (S.D.N.Y. July 14, 2016).[3] Here, Plaintiffs have not yet specified the breadth of discovery they may seek (which is another reason to defer discovery at this time), but nonetheless, "proceeding with any discovery at this juncture [would] indeed result in wasting resources," of entities that should not even be parties to this litigation.[4] *Afua v. Mediterannean Shipping Co. (USA) Inc.,* No. 22-CV-2111(MKB)(JMW), 2022 WL 2181432, at *3 (E.D.N.Y. June 16, 2022) (staying discovery on breach of contract claim pending a motion to dismiss that was premised on meritorious argument that the wrong party had been sued, in part, because case was in early stage so stay would not disrupt the progress of any ongoing discovery).

Plaintiffs are unable to demonstrate any risk of unfair prejudice from the limited stay of discovery sought here. Otherwise, the Plaintiffs would not have agreed to stay discovery in the first place, subject only to a reservation of "the right to seek leave to request discovery for purposes of responding to the anticipated motions to dismiss." [ECF 51 at ¶ 4.] Plaintiffs have not identified any discovery they believe may be necessary to respond to the RHC Defendants' motion to dismiss for failure to state a claim. We are aware of none that could change the dispositive fact that the IWA imposes the obligation to contribute to a pension plan only on the non-party "operator" of the Hotel, not on RHC as owner.

---

[3] Unless otherwise indicated, internal citations and quotations are omitted throughout this letter.

[4] After learning of Plaintiffs' January 25, 2021 demand letter [ECF 47-6], RHC's first response to Plaintiffs regarding the withdrawal liability assessment apprised Plaintiffs that its management company, Interstate, not RHC, is the employer under ERISA responsible for withdrawal liability. RHC's subsequent correspondence similarly put Plaintiffs on notice that Interstate is the appropriate party. Moreover, Plaintiffs' own interactions with Interstate demonstrate that they have regarded Interstate as the employer of the Roosevelt Hotel's employees for over a decade, as evidenced by the January 25 demand letter and August 28, 2020 letter of estimated liability amount, both of which are directed to the Roosevelt's general manager, who is an Interstate employee. [ECF 47-6 at pp. 2, 6.]



July 22, 2022
Page 3

      Furthermore, Plaintiffs have had the benefit of thousands of pages of documents at their disposal produced by RHC and Interstate in an ongoing arbitration dispute between RHC and the Union (which is represented by counsel from the same law firm as counsel representing the instant Plaintiffs). It is for this reason, for example, that Plaintiffs have in their possession the "Minutes of Meeting of the Managing Board of RHCNV" they repeatedly reference in the Amended Complaint. [ECF 47 at ¶¶ 25, 27-30, 32.] More specifically, Plaintiffs already have at their disposal the IWA and accompanying amendments and side agreements, the Management Agreement with Interstate and accompanying amendments, board meeting minutes and resolutions, loan and mortgage documents related to financing of the Roosevelt, as well as emails and other documents produced by Interstate including, without limitation, communications between Interstate employees and ownership, management reports and cash flow predictions and updates prepared by Interstate and provided to RHC, audited financial statements, among other information regarding the Roosevelt's operations and expenses.

      In short, Plaintiffs have had more than sufficient information at their disposal regarding the RHC Defendants, Interstate, and any respective contractual obligations to the Fund and/or each other, yet they still failed to plead facts sufficient to demonstrate any obligation on the RHC Defendants to contribute to the Fund or to name Interstate—the known employer and operator—as a party, despite two opportunities to do so. Accordingly, to allow Plaintiffs access to discovery documents at this stage would serve only to create a substantial advantage for Plaintiffs and a significant burden and undue prejudice on Defendants, whereas Plaintiffs will not be prejudiced by a stay of discovery for the short duration requested by RHC Defendants and agreed to by Plaintiffs. *Spencer Trask Software & Info. Servs., LLC*, 206 F.R.D. at 368 ("Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay."). Moreover, any alleged prejudice is of Plaintiffs' own making in failing to name Interstate as a party. *See Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (staying discovery pending motion to dismiss because burden on defendant would be significant and any prejudice to plaintiff was of their own making in delaying filing suit). Regardless, the Court should stay discovery in the first instance as was jointly proposed by all parties. After reviewing the motion to dismiss, Plaintiffs may make an application for leave to conduct whatever specific discovery (if any) they may believe is necessary to respond thereto and the RHC Defendants will respond to that application at the appropriate time.

      In conclusion, the RHC Defendants have a meritorious motion to dismiss that is set on a short briefing schedule; a limited stay of discovery would not pose a risk of prejudice to Plaintiffs and indeed has been agreed to by all parties; and a stay likely would eliminate significant wasted resources and time. Under these circumstances, good cause exists, warranting a stay of discovery.

                                        Respectfully submitted,

                                          */s/ Michael J. Volpe*

                                          Michael J. Volpe

cc: All Counsel of Record (by electronic filing)