UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
**TRUSTEES of the NEW YORK HOTEL**                          :
**TRADES COUNCIL AND HOTEL**                                :    Civil Action No. 1:21-cv-09538 (LGS)
**ASSOCIATION OF NEW YORK CITY, INC.**                      :
**PENSION FUND,**                                           :
                                                            :    <u>STIPULATED AND [PROPOSED]</u>
                                                            :    <u>ORDER REGARDING</u>
               Plaintiffs,                                  :    <u>CONFIDENTIALITY AND THE</u>
                                                            :    <u>PRODUCTION AND EXCHANGE OF</u>
     - against -                                            :    <u>ELECTRONICALLY STORED</u>
                                                            :    <u>INFORMATION</u>
**RHC OPERATING, LLC, ROOSEVELT**                           :
**HOTEL CORPORATION, N.V., PIA**                            :
**INVESTMENTS LIMITED, PAKISTAN**                           :
**INTERNATIONAL AIRLINES**                                  :
**CORPORATION LIMITED,**                                    :
                                                            :
                                                            :
               Defendants.                                  :
------------------------------------------------------------x

      IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto (collectively, the "Parties" and individually a "Party"), through their undersigned counsel, that the following provisions of this Stipulated and [Proposed] Order Regarding Confidentiality and the Production and Exchange of Electronically Stored Information (the "Order") shall govern disclosure and use by the Parties of all documents and any other materials and information disclosed or provided in the above referenced action:

      **1.**    **Cooperation.** The Parties commit to cooperating in good faith throughout this matter, consistent with this Court's Local Rules and Judge Schofield's Individual Rules and Procedures for Civil Cases ("Judge Schofield's Individual Rules").

      **2.**    **Scope.** All documents, e-mails, and other electronically stored information materials produced in the course of discovery in the above-captioned matter (hereinafter collectively "documents"), shall be subject to this Order.

3.     **Confidential Information.** As used in this Order, "Confidential Information" means documents or information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute or the Federal Rules of Civil Procedure and any applicable local rules; (b) information that reveals trade secrets; (c) proprietary, research, technical, business, customer or client information, vendor and supplier information, competitively sensitive information, or commercial or financial information that the party has maintained as confidential; (d) previously non-publicly disclosed business information, business plans and proposals, product development information, or marketing plans; (e) personal information; (f) personnel or employment records; (g) organizing and employee representational or associational information; (h) information privileged under the Labor Management Relations Act or the First Amendment to the U.S. Constitution; or (i) information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Information or documents that are available to the public may not be designated as Confidential Information. Information or documents which were produced prior to the date on which the Parties agreed to be bound to this Order may also be designated as Confidential Information subject to all the restrictions and obligations set forth herein; provided, however, that any disclosure of Confidential Information that may have occurred prior to the date on which the Parties agreed to be bound hereto shall not be deemed to violate this Order.

4.     **Definitions.**

    (a)     <u>Person</u>. The term "person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

    (b)     <u>Receiving Person</u>. The term "receiving person" shall mean any party to

whom Confidential Information, whether oral or in documentary or other tangible form, is disclosed in this case.

(c) <u>Producing Party</u>. The term "producing party" shall mean the party that discloses Confidential Information in this case.

(d) <u>Document</u>. The term "document" shall be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

5. **Designation.** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time that the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Furthermore, the Parties acknowledge that this Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as Confidential.

Testimony given at a deposition upon oral examination or a hearing or portions thereof, may be designated as confidential by an appropriate statement on the record at the time such testimony is offered or upon subsequent review and notification to counsel within fifteen (15) days of receipt by either party of the transcript of such testimony. Unless otherwise agreed

on the record at a deposition, all deposition transcripts and videotapes in their entirety shall be considered and treated as Confidential Information until the expiration of the aforesaid fifteen (15) day period following receipt of the transcript by the parties.

**6.     Technical Specifications and Protocol for Production of ESI**

(a)     **Purpose.** This Order will also govern the discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules, Judge Schofield's Individual Rules, and any other applicable orders and rules. The parties can agree in writing to modify the terms of paragraphs 6(b)-(i) without further order of the Court.

(b)     **Format.** With the exception of unimageable files, media files (such as audio and/or video files), Excel Files, and/or PowerPoint files, the Parties shall produce each electronic document: (a) as a Bates-stamped 300 dots per inch (dpi), single-page Group IV TIFF image or, if in color, as a .jpg file, named to match the unique Bates Number assigned to the first page of the document in question, followed by the appropriate extension "TIF" or "JPG" (multi-page tif files are not acceptable); (b) with an Opticon cross-reference file that enables the document to be uploaded and viewed using standard litigation support software Relativity; (c) with Metadata in a standard delimited file; (d) with family and/or group identifiers that enable the linking of family members and attachments to the parent file; and (e) with extracted text and/or Optical Character Recognition ("OCR") as a separate .txt file for each document named according to the beginning Bates Number assigned to the first page of the document to which it relates with the extension "TXT." OCR is acceptable only if extracted text is not available, such as for documents scanned from paper. Excel files and media files (such as audio and/or video files) shall be produced in their native format and renamed to match their assigned

Bates Number with the appropriate extension such as "XLSX" or "WAV," etc. Prior to production, the Parties shall identify, discuss, and agree upon the production protocol for other data that cannot be imaged or that is impractical to image. Prior to production, the Parties shall also identify, discuss, and agree upon the production protocol for data from non-PC/non-Windows based systems such as Apple, LINUX or UNIX. All files produced in native format shall have a corresponding placeholder image indicating the document was produced in native format and bearing the Bates Number assigned to the document.

(c) **Color.** Where the original of a produced document is in color, and color is material to the interpretation of the document, the receiving party may request that the document be produced in color (whether electronic or paper). Color images are to be provided in jpg format.

(d) **Physical Documents.** Documents that exist solely in physical hard-copy format shall be converted/scanned to images and text and produced following the same protocols outlined in Section 6, subparagraph (c) above. The scanned image ".tif' files shall be subject to an Optical Character Recognition ("OCR") process with the OCR produced provided as the text file using the extension "TXT."

(e) **Bates Numbering.** Bates Numbers shall be unique, sequential, and in a consistently formatted string, e.g., a prefix plus a minimum 10-digit number BATES0000000001, BATES0000000002, etc. Family relationships shall be preserved with the parent document and its attachments Bates numbered sequentially. Each party's Bates Number format (prefix plus the number of digits in the Bates Number) must remain consistent throughout that party's productions. Bates Numbers are to be applied to the lower-right corner of each image and shall not obscure any part of the underlying image.

(f) **Duplicates.** To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values at the document level) reside within a party's data set, each party shall produce only a single copy of a responsive document. This de-duping shall be done only on exact duplicative documents. Only documents where the stand-alone document or the family (consisting of the main parent document and all attachments) are exactly the same will be considered exact duplicates.

(g) **Confidentiality Endorsements.** If applicable, confidentiality endorsements are to be applied to the lower-left corner of each image. Confidentiality endorsements shall not obscure any part of the underlying image or the Bates number. Confidentiality endorsements shall be captured in the corresponding metadata field. To the extent that application of a confidentiality designation to a different area of a given page is necessary to avoid obscuring content/substance on that page, such designation/redesignation shall be permitted (if done by the producing party) or required on a re-produced document (if reasonably requested by a receiving party).

(h) **Production Mechanism**. Produced documents shall be zipped into data sets not exceeding 50 GBs and produced via a secure electronic exchange, such as Sharefile or other ftp transfer. A production cover letter should accompany all communications related to the delivery of data, to include the bates range, number of documents, and delivery format. Data so produced shall be available for a minimum of one (1) month from the date of production. All production sets shall be password protected and the password shall be exchanged via separate communication.

(i) **Metadata.** The Parties agree that a text delimited file (ASCII OR Unicode are both acceptable) shall be produced setting forth the metadata fields for each responsive

document, as applicable: (1) Production Begin Number, (2) Production End Number, (3) Production Begin Attach, (4) Production End Attach, (5) Date/Time Sent, (6) Date/Time Received, (7) Email Subject, (8) Sender/From, (9) Recipient/To, (10) Email CC, (11) Email BCC, (12) Date/Time Created, (13) Date/Time Last Modified, (14) File Name, (15) Document Extension, (16) Author, (17) Custodian, (18) Confidentiality, (19) Redacted (Y/N) and (20) MDF or SHA-1 Hash. For redacted electronic documents, metadata fields are to be produced only to the extent such fields will not divulge redacted information.

7. **Protection of Confidential Material**

    (a)    **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this case, 1:21-cv-09538, pending before Judge Lorna G. Schofield in the District Court for the Southern District of New York, including any appeal thereof.

    (a)    **Limited Disclosures.** The parties and their respective counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or any entity except as set forth in subparagraphs (i)-(ix). Subject to the requirements of this Order, Confidential Information may be disclosed to the following categories of persons:

        (i)    **Counsel**. Counsel for the parties and employees of counsel (including in-house counsel);

        (ii)    **Parties**. The parties, including their respective, members, managers, officers, employees, and agents, but in each case, only to the extent reasonably necessary to assist with or make decisions with respect to this case;

        (iii)    **The Chambers of the Honorable Lorna G. Schofield, and her personnel**;

        (iv)    **Court Reporters and Recorders**. Court reporters and recorders

(v) **Contractors. Litigation support services or non-professional support personnel** such as persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi) **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification of the "Confidentiality Agreement" that is attached hereto as an exhibit. Nothing herein implies agreement to any particular expert or to the permissibility of experts generally in this case;

(vii) **Mediator or Arbitrator**. Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the "Confidentiality Agreement" that is attached hereto as an exhibit;

(viii) **Witnesses**. During their depositions, or to prepare them for their deposition or testimony, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(ix) **Author or Recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(x) **Other by Consent**. Other persons only by written consent of the producing party or upon order of this Court and on such conditions as may be agreed or ordered.

(b) **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Each person listed in the previous paragraph who, in the course of this litigation, is given access to material designated as Confidential, shall be advised that the material or information is being

disclosed pursuant to, and subject to, the terms of this Order and may not be disclosed other than pursuant to the terms thereof.

8. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party (a "Challenge"). **A receiving party shall not be obliged to Challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent Challenge thereto.** The following procedure shall apply to any Challenge.

(a) **Meet and Confer.** Prior to seeking judicial resolution of a Challenge, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the Challenge, in conformity with Fed. R. Civ. P. 37(a)(1). In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the Challenge within ten (10) business days.

(b) **Intervention**. If the Meet and Confer does not resolve the Challenge, the party objecting to the confidentiality designation may file on ECF a letter motion for a pre-motion discovery conference with the Court, as provided in Section III.A.1 of Judge Schofield's Individual Rules. Until the Court rules on any such application, the material or document designated as Confidential that is the subject of the Challenge shall continue to be treated as designated.

9. **Discovery not limited**. The Order is protective in nature only and shall not deprive any party of its rights to object to discovery by any other party of materials as to which

objection to disclosure is made. This Order is entered without prejudice to the right of any party to move this Court for modification of or relief from any of its terms.

10. **Inadvertent Failure to Designate**. If, at any time before the trial of this action, a Producing Party realizes that it should have designated as "CONFIDENTIAL" some portion(s) of document(s) that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the document(s) as Confidential. Each person who has access to Confidential Information pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If any Confidential Information is improperly disclosed to any person other than in a manner authorized by this Order, the Party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Confidentiality Agreement" that is attached hereto as an exhibit. The Parties agree that, in the event of any inadvertent production of a privileged document or work product, the Parties will comply with Fed. R. Civ. P. 26(b)(5).

11. **Non-Waiver Agreement, Clawback Rights, and Return of Inadvertently Disclosed Materials.** A party that unintentionally produces attorney-client privileged, work product protected, or common/joint defense privileged information to an adverse party without intending to waive the privilege or protection shall promptly notify the adversary that it did not intend a waiver by its disclosure. Pursuant to Federal Rule of Evidence 502(d) and Fed. R. Civ. P. 26(b)(5)(B), if documents or information subject to a claim of attorney-client privilege, work-

product protection, or any other applicable claim of privilege or protection are unintentionally disclosed, whether inadvertent or otherwise, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or protection for such information in this case or any state or federal proceeding. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B). This paragraph is intended to be and does constitute a Federal Rule of Evidence 502(e) non-waiver agreement as provided for in Judge Schofield's Individual Rules (Rule II.A.2). Nothing herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or other information (including metadata), for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Documents may be filed under seal only as provided in Judge Schofield's Individual Rules (Rule I.D.3).

13. **Waiver**. Nothing contained in this Order will be construed as: (a) a waiver by a Party or Person of its right to object to any discovery request; (b) a waiver or any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

14. **Final Disposition.** Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Information must either return it including all copies thereof to the Producing Party, or destroy such material including all copies thereof. In either event, upon request by the Producing Party following the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party.

Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.  This Order will survive the termination of the litigation and will continue to be binding upon the persons to whom Confidential Information is produced or disclosed.

15.    **Notice. When notice is permitted or required by the provisions of this Order, such notice shall be in writing, directed to the undersigned counsel of the party to receive such notice, at the corresponding addresses or email addresses indicated below.  Notice shall be delivered by U.S. mail, overnight delivery service, or by email, and shall be effective upon receipt.**

16.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

So Ordered.

Dated: November 17, 2022
  New York, New York

_____
LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

**SO STIPULATED AND AGREED**.

Dated: November 16, 2022.

/s/ Michael J. Volpe
Michael J. Volpe
Christine C. Carey
Sarah A. Fucci
Venable LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
T: (212) 808-5676
F: (212) 307-5598
mjvolpe@venable.com
cccarey@venable.com
safucci@venable.com

*Attorneys for Defendants RHC Operating, LLC and Roosevelt Hotel Corporation, N.V.*

/s/ Thomas J. McCormack
Thomas J. McCormack
Robert Kirby
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Tel: (212) 408-5100
Fax: (212) 541-5369
thomas.mccormack@nortonrosefulbright.com
robert.kirby@nortonrosefulbright.com

*Attorneys for Defendants PIA Investments Limited and Pakistan International Airlines Corporation Limited*

/s/ Barry N. Saltzman
Barry N. Saltzman
Pitta LLP
120 Broadway, 28th Floor
New York, NY 10271
(212) 652-3890
Fax: (212) 652-3891
Email: bsaltzman@pittalaw.com

*Attorney for Plaintiff Trustees of the New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
**TRUSTEES of the NEW YORK HOTEL** :
**TRADES COUNCIL AND HOTEL** :   Civil Action No. 1:21-cv-09538 (LGS)
**ASSOCIATION OF NEW YORK CITY, INC.** :
**PENSION FUND,** :
:
                    **Plaintiffs,** :
:
  - against - :
:
**RHC OPERATING, LLC, ROOSEVELT** :
**HOTEL CORPORATION, N.V., PIA** :
**INVESTMENTS LIMITED, PAKISTAN** :
**INTERNATIONAL AIRLINES** :
**CORPORATION LIMITED,** :
:
                    **Defendants.** :
------------------------------------------------------------x

## CONFIDENTIALITY AGREEMENT

I, _____, acknowledge that I have read and understand the Order in this action governing the non-disclosure of those portions of documents that have been designated as CONFIDENTIAL. I agree that I will not disclose such Confidential Information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from which I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

                                                              _____

                                                          *Dated:* _____