# PITTA LLP

Attorneys at Law

120 Broadway
28th Floor
New York, New York 10271

Telephone: (212) 652-3890
Facsimile: (212) 652-3891

**Barry N. Saltzman, Partner**
Direct Dial: (212) 652-3827
bsaltzman@pittalaw.com

> Application **GRANTED** in part. Discovery deadlines are extended by 90 days. An amended case management plan will issue separately.
>
> Defendants' motions to dismiss are denied without prejudice to renewal. Should Defendants wish to refile their motions at a later time, they may do so without pre-motion letters.
>
> The parties shall file a joint status letter every 30 days on the progress of efforts and steps to resolve the case. The first letter is due on **January 11, 2023**.
>
> The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 88, 91, 101.
>
> Dated: December 12, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Michael Volpe, Esq.
Venable LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020

December 8, 2022

**By Electronic Filing**

The Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

Thomas McCormack
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022

Re:   *Trustees of the New York Hotel Trades Council and Hotel Association of New York City, Inc., Pension Fund v. RHC Operating, LLC et al.*, Case No. 21-cv-09538-LGS

Dear Judge Schofield:

Undersigned counsel represent all respective parties in the above-referenced action. For the purposes of this letter, we write on behalf of all parties to this action to respectfully request that the Court grant a temporary stay of further proceedings in this action in light of certain recent developments that may substantially affect or potentially resolve this action.

Potential Resolution

As Your Honor may recall, this action was commenced by Plaintiff seeking certain pension payments they allege are due from Defendants as the result of the closing of the Roosevelt Hotel. In the two weeks before the Thanksgiving holiday, high-level principals of the parties met in person in New York City. In the course of their discussions, Defendants committed to Plaintiff to the reopening of the Roosevelt Hotel by defendant RHC Operating, LLC ("RHC"), including the recall of a significant number of workers employed under the Industry-Wide Collective Bargaining Agreement and that preparations for such reopening are

{00704582-4}

December 8, 2022
Page 2

ongoing. All parties agree that the impending reopening of the Roosevelt Hotel and recall of employees is a significant event for this case.

The parties respectfully submit that a limited pause of this action, including the pending motions to dismiss, is appropriate in these circumstances. Specifically, the parties request that the Court enter an order staying all further proceedings and deadlines in this action, and directing the parties to submit a joint status letter within 60 days of such order in which the parties shall advise the Court as to whether continuing to stay this action is appropriate. Defendant RHC anticipates that the process to recall employees at the Roosevelt will have begun by that time. A reprieve from further document discovery and depositions would facilitate the continuing efforts to reopen the hotel and recall employees, and thereby potentially resolve this case. It would also defer and potentially avoid further expenditures of resources by the parties and the Court that may be rendered moot, better directed to reopening costs. Finally, during this time, the parties will discuss the terms for the potential settlement of the action.

Extension of Discovery Timetable

In the alternative, if the Court denies this joint request for a stay, the parties respectfully submit that there is good cause for a limited 90-day extension of remaining case deadlines, so as to provide adequate time for the orderly completion of discovery. This joint request is the first request by any party to extend the deadlines in the Civil Case Management Plan and Scheduling Order entered by the Court on September 2, 2022. ECF No. 79 (the "Scheduling Order").

The Scheduling Order set a deadline of December 23, 2022 to complete fact discovery. *Id.* ¶ 8(a). The parties have endeavored in good faith to complete fact discovery by that deadline, and have made substantial progress including extensive collection, review, and production of documents and electronically stored information (ESI). The parties served initial disclosures, document requests, interrogatories, and written responses and objections to those document requests and interrogatories. In the interest of resolving disputes without the Court's intervention, counsel has frequently corresponded by letter and email, and has met and conferred by videoconference regarding discovery issues on several occasions, including most recently on December 1, 2022. Each of Plaintiff, defendants RHC and Roosevelt Hotel Corporation, N.V., and defendant PIA Investments Limited has commenced its document production, with a total of tens of thousands of pages produced to date.

Despite diligent efforts, the parties have reluctantly concluded it will not be feasible to complete discovery on the current schedule. Significantly, the parties agreed that their respective document productions will include ESI and further agreed to search for responsive ESI created during a five-year period from January 25, 2016 to January 25, 2021. As a result, the parties anticipate significant further document productions in the coming weeks, and that additional time will be needed to review the produced documents for use in depositions. The parties also continue to discuss several remaining discovery disputes, one or more of which may be the subject of future applications to the Court if the parties are unsuccessful in resolving them. The outcome of those disputes could potentially affect the scope of discovery and the time required for its completion. Once document discovery is complete, the parties anticipate that deposition

December 8, 2022
Page 3

scheduling will present further challenges. Many of the individuals identified in the parties' initial disclosures reside in Pakistan, from which there are currently no direct flights to New York City, and the typical travel time is at least 19 hours. Remote depositions present their own obstacles insofar as Pakistan is 10 hours ahead of New York time. Upcoming holidays are expected to further limit available deposition dates. The parties respectfully submit that the proposed limited 90-day extension is both reasonable and necessary under the current circumstances.

Conclusion

Accordingly, the parties jointly request the Court enter an order (i) staying all further proceedings and deadlines in this action, and directing the parties to submit a joint status letter within 60 days of such order in which the parties shall advise the Court as to whether continuing to stay this action is appropriate; or, in the alternative, (ii) granting a 90-day extension of the dates and deadlines in Paragraphs 8(a), 8(c), 8(e)-8(f), 9(b)-9(c), and 13(b)-(c) of the Scheduling Order.[1]

The parties hope that their recent developments and joint requests meet with the Court's approval. Counsel are also available for a conference on these requests if the Court desires. Thank you for your consideration.

Respectfully submitted,

/s/
Barry N. Saltzman
*For Plaintiff*

/s/
Michael J. Volpe
*For RHC Defendants*

/s/
Thomas J. McCormack
*For PIA Defendants*

cc: All Counsel of Record (by electronic filing)

---

[1] Dates and deadlines would be extended as follows: ¶ 8(a) from Dec. 23, 2022, to Mar. 23, 2023; ¶ 8(c) from Nov. 18, 2022, to Feb. 16, 2023; ¶ 8(e) from Dec. 23, 2022, to Mar. 23, 2023; ¶ 8(f) from Nov. 23, 2022, to Feb. 21,2023; ¶ 9(b) from Feb. 6, 2023, to May 8, , 2023; ¶ 9(c) from Nov. 23, 2022, to Feb. 21, 2023; ¶ 13(b) from Jan. 6, 2023, to Apr. 6, 2023; and ¶ 13(c) from Feb. 22, 2023, to May 23, 2023.